**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Thomas J. Silvester and Carolyn Silvester, Appellants,

v.

Spring Valley Country Club, Respondent.

Appellate Case No. 2013-001869

---

Appeal From Richland County
G. Thomas Cooper, Circuit Court Judge

---

Unpublished Opinion No. 2015-UP-072
Submitted November 1, 2014 – Filed February 11, 2015

---

**REVERSED**

---

Thomas J. Silvester and Carolyn Silvester, both of Columbia, pro se.

Jessica Ann Waller and John Edward Cuttino, both of Gallivan, White & Boyd, PA, of Columbia, for Respondent.

---

**PER CURIAM:**  Thomas and Carolyn Silvester (the Silvesters) appealed the circuit court's dismissal of their case under Rule 41(b), SCRCP, for failure to prosecute.  We find the clerk of court failed to transfer the case to the jury trial

roster, and accordingly, the circuit court erred in dismissing the case for failure to prosecute. *See* Rule 40(b), SCRCP ("The clerk initially shall place all cases in which a jury has been requested on the General Docket. A case may not be called for trial until it has been transferred to the Jury Trial Roster. . . ."); Rule 40(f), SCRCP ("The clerk shall review the General Docket and shall transfer to the Jury Trial Roster all cases which have remained on the General Docket for 12 months and in which the court has not entered a Scheduling Order setting the date when the case is to be transferred to the Jury Trial Roster or in which there is no pending motion for a Scheduling Order in the file. The clerk shall notify counsel of record of the transfer, but publication of the Jury Trial Roster also shall be deemed notice of the automatic transfer.").

**REVERSED.**[1]

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.